IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON A. BARDT                                                                                    PLAINTIFF

vs.                                        Civil No. 5:07-cv-05067

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jason A. Bardt ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his applications for SSI and DIB on March 9, 2004.  (Tr. 58-64, 85).  With these applications and with other documents filed with the SSA, Plaintiff alleged disability due to chest pain, anxiety and panic attacks, hearing loss, borderline intellectual functioning, and depression.  (Tr. 75-84, 111-112, 118, 204-205).  In his applications, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

alleged an onset date of March 7, 2003. (Tr. 58-64, 204-205). Plaintiff's applications were denied initially on August 25, 2004 and were denied again on reconsideration on January 20, 2005. (Tr. 27-40, 206-213).

On April 1, 2005, Plaintiff requested an administrative hearing by an ALJ. (Tr. 41). This hearing was held on August 8, 2006 in Fayetteville, Arkansas. (Tr. 215-246). At this hearing, Plaintiff was present and was represented by counsel, Ashley Hunt. *See id.* Plaintiff, Plaintiff's friend (Lucy Nichols), and Vocational Expert ("VE") Tanya Owen testified at this hearing. *See id.* At the time of this hearing, Plaintiff was twenty-nine (29) years old, had a high school equivalent education, and lived in Evansville, Arkansas. (Tr. 217, 220-221).

On September 28, 2006, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 15-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 7, 2003 (his alleged onset date). (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chest pain, hearing loss, panic attacks, depression, and borderline intellectual functioning. (Tr. 17-18, Finding 3). The ALJ determined, however, that Plaintiff's impairments did not meet and were not medically equivalent to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18, Finding 4). The ALJ noted that in making this finding, he considered the diagnostic and severity criteria of Listing 12.06, but he found that the criteria had not been met. (Tr. 18, Finding 4).

In his decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-21). The ALJ found Plaintiff claimed to suffer from

disabling symptoms (panic attacks, etc.) due to his mental disability. *See id.* In his opinion, the ALJ evaluated Plaintiff's claimed disabling symptoms and discounted them. *See id.* After discounting these symptoms, the ALJ determined Plaintiff's RFC. *See id.* Specifically, the ALJ determined Plaintiff retained the following RFC:

> [T]o perform work at all exertional levels; no work requiring very excellent hearing skills; can perform work where interpersonal contact is incidental, learned by rote, i.e., memorization using routine or repetition without full comprehension.

(Tr. 18-21, Finding 5).

The ALJ then determined that Plaintiff could perform his Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 243-246). The VE testified that Plaintiff's PRW included work as a sandwich maker (medium, unskilled). (Tr. 243). The VE testified that, based upon Plaintiff's RFC, age, work history, education, and other limitations, Plaintiff could perform his PRW as a sandwich maker.[2] (Tr. 244). Based upon this testimony, the ALJ determined that because Plaintiff could perform his PRW as a sandwich maker, Plaintiff had not been under a "disability," as defined by the Act, from his alleged onset date through the date of the ALJ's decision. (Tr. 21, Finding 7).

On December 18, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). On February 9, 2007, the Appeals Council declined to review this decision. (Tr. 4-7). On April 16, 2007, Plaintiff filed the present action. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 30, 2007. (Doc. No. 4). This case is now ready for decision.

---

[2] The VE's testimony conflicts with other reports in the transcript indicating that Plaintiff may not be able to return to his PRW as a sandwich maker. (Tr. 109-110).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ failed to consider Plaintiff's impairments in combination; (2) the ALJ improperly evaluated Plaintiff's subjective complaints of pain, depression, and anxiety; (3) the ALJ improperly determined Plaintiff retained the RFC to perform work at all exertional levels; and (4) the ALJ failed to fully and fairly develop the record. (Doc. No. 6, Pages 2-20). In response, Defendant argues that substantial evidence supports the ALJ's RFC determination and the ALJ's determination that Plaintiff retained the ability to return to his PRW. (Doc. No. 7, Pages 3-11). Defendant also argues that the ALJ properly assessed Plaintiff's credibility and discounted Plaintiff's subjective symptoms for legally-sufficient reasons. *See id.* at 11-14. Finally, Defendant argues that the ALJ satisfied his duty to fully and fairly

5

develop the record. *See id.* at 14-16. Defendant noted that the record included consultative reports from three examiners and the hearing transcript. *See id.* Because the ALJ improperly evaluated Plaintiff's subjective complaints of pain, depression, and anxiety, this Court will only address Plaintiff's second argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's subjective complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of the symptoms, but whether the symptoms a Plaintiff experiences preclude the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ summarized the medical evidence in Plaintiff's case and summarized Plaintiff's testimony. (Tr. 15-22). He did not, however, note inconsistencies in the record as required by *Polaski*, and he did not provide sufficient reasons for discounting Plaintiff's subjective complaints. *See id.* For example, for the first *Polaski* factor, the ALJ summarized Plaintiff's daily activities as follows:

> The claimant requires some assistance with activities of daily living as he is often forgetful. The witness [Lucy Nichols] testifies that she feels this may be attributed to his medications. She assists the claimant with household chores and manages his finances.

(Tr. 21). These daily activities are, however, *consistent* with Plaintiff's subjective complaints, and the ALJ failed to indicate in his opinion how Plaintiff's testimony regarding his daily activities *supports* the ALJ's credibility determination. (Tr. 15-22). To the contrary, the summarized account of Plaintiff's activities do not support the finding of the ALJ.

Furthermore, instead of reviewing the *Polaski* factors, noting inconsistencies, and making a credibility finding, the ALJ merely evaluated Plaintiff's credibility as follows:

> In making this finding [RFC determination], the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The

7

>undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, and 96-6p.

(Tr. 18). This analysis is simply insufficient. This case must be reversed and remanded for a full *Polaski* analysis.

Additionally, the record indicates that the Veterans' Administration found Plaintiff seventy percent (70%) disabled. (Tr. 219-220). While a disability determination by the Veterans' Administration is not binding on Defendant, the ALJ should still discuss this determination. *See* 20 C.F.R. § 404.1504 (2007); *Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir. 1998) (requiring the ALJ to discuss a disability determination from the Veterans' Administration). In the Veterans' Administration's disability report, Plaintiff was found to have a Global Assessment of Functioning ("GAF") score of 45, "indicating serious symptoms of anxiety that clearly prevent you [the claimant] from functioning in a work environment, causing social isolation, and difficulty with interpersonal relationships." (Tr. 200). However, in his September 28, 2006 opinion, the ALJ did not even evaluate this finding. (Tr. 15-22). The ALJ should have considered this opinion more fully, especially considering the fact that Plaintiff's other medical records support a finding that he is mentally disabled. (Tr. 139, 149). For instance, on December 16, 2004, Dr. Jeffery L. Jenkins, M.D. noted that Plaintiff had a "pre-existing anxiety disorder" and was "mentally retarded." (Tr. 139). On remand, the ALJ should more fully evaluate the Veterans' Administration's disability determination. *See Morrison,* 146 F.3d at 628.

On remand, the ALJ should also evaluate the testimony of any witnesses who testify on behalf of Plaintiff. While the ALJ is not *required to accept* the testimony of a witness for a claimant, the ALJ should at least *consider* and make findings regarding that testimony. *See Lawrence v. Chater,* 107 F.3d 674, 677 (8th Cir. 1997). In the present action, the ALJ merely summarized the

8

statements made by Lucy Nichols, the witness for Plaintiff, made no findings regarding that testimony, and gave no reasons for discounting that testimony. (Tr. 15-22). The ALJ's failure to make any findings regarding Ms. Nichols's testimony is especially concerning because Ms. Nichols is not related, and presumably has nothing to gain from, Plaintiff's being approved for disability benefits.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **27th day of March, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE